UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JESSICA M. LEWIS, a/k/a
MARK L. BROOKS,

                                   Plaintiff,               9:00-CV-1433
                                                                             (GLS/GJD)
       v.

STAN BERG, Assistant Deputy Superintendent; DANIEL A.
SENKOWSKI, Superintendent, Clinton Correctional Facility,

                                 Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

JESSICA M. LEWIS, a/k/a MARK L. BROOKS
Plaintiff, *pro se*
90-A-6426
Clinton Correctional Facility
Box 2001
Dannemora, NY  12929-2001

ELIOT SPITZER                                Deborah A. Ferro, Esq.
Attorney General of the State of New York    Assistant Attorney General
Counsel for the Defendants
Department of Law
The Capitol
Albany, NY 12224

GARY L. SHARPE,
U.S. DISTRICT JUDGE

## DECISION and ORDER

      By Order filed March 31, 2005, the Report-Recommendation issued by U.S.

Magistrate Judge Gustave J. Di Bianco was accepted in its entirety and the defendants'

motion for summary judgment was granted.  Dkt. No. 103.  Judgment dismissing this

action was duly entered by the Clerk.  Dkt. No. 104.

      Presently before this Court is a motion from plaintiff seeking relief from the

Judgment and reconsideration of the Report-Recommendation.  Dkt. No. 106.  Plaintiff

seeks an order of this Court vacating the Order and Judgment, and affording plaintiff an

opportunity to submit objections to the Report-Recommendation to the Court for consideration. *Id*.

Defendants oppose the motion. Dkt. No. 108.

According to plaintiff, the Report-Recommendation was mistakenly sent to her[1] at Clinton Correctional Facility, and was not received by her at Auburn Correctional Facility (where she has been confined since December, 2004) until March 21, 2005. Dkt. No. 106 at 1-2. Plaintiff states that she promptly prepared her objections and handed them to prison authorities for mailing to the Court on March 28, 2005. *Id*. at 2.[2] Plaintiff's objections were rejected for filing because this action was closed on March 31, 2005, prior to the receipt of the objections. Dkt. No. 105.

Rule 60(a) of the Federal Rules of Civil Procedure ("Rule 60(a)") provides that the courts may order relief from a judgment under the following circumstances relevant here:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

The purpose of Rule 60(a) "is to correct clerical errors so that the judgment accurately reflects the intention of the Court." *See Polanco v. Allan*, 93-CV-1498 * 1 (N.D.N.Y. July, 5, 1996) (McAvoy, C.J.); *see also Rezzonico v. H & R Block, Inc*, 182 F.3d 144, (2d Cir. 1999) (Rule 60(a) allows changes that implement the result intended by the court when the order was entered).

---

[1] Plaintiff prefers to be referred to by a female pronoun and the Court will, therefore, refer to her in this manner.

[2] According to defendants' counsel, plaintiff's objections were due March 28, 2005. Dkt. No. 108 at 1.

Upon review of the file, it appears that plaintiff sent a letter dated December 16, 2004 to the Clerk of the Court, advising that plaintiff's address had changed. Although this notice was duly entered on the docket of this action, plaintiff's address was not changed on that portion of the docket which records the addresses used by the Court for service. As a result, the Report-Recommendation was served on plaintiff at her "old" address. Dkt. No. 102. It is thus clear that plaintiff's receipt of the Report-Recommendation was delayed eleven days due to clerical error by the Clerk's Office in recording plaintiff's change of address.

It further appears that plaintiff proceeded to prepare her objections in a timely fashion. Indeed, applying the so-called "mail-box" rule,[3] plaintiff's objections were timely filed notwithstanding the excused delay, and should have been before the Court when the Report-Recommendation was considered.

Based upon the foregoing, the Court finds that plaintiff has established that she is entitled to relief from the Judgment and her motion is therefore granted. The Court's Order dated March 31, 2005 and the Judgement entered thereon (Dkt. Nos. 103 and 104) are hereby vacated. Plaintiff is directed to file her objections to the Report-Recommendation **within twenty (20) days** of the filing date of this Order.

WHEREFORE, it is hereby

ORDERED, that plaintiff's motion for relief from the Judgment and

---

[3] The Second Circuit has held that, due to the unique difficulties faced by incarcerated *pro se* litigants, a prisoner's pleading is deemed to be properly filed at the time he hands the papers to the prison authorities for transmittal to the court. *Dory v. Ryan*, 999 F.2d 679, 681-82 (2d Cir. 1993), *modified on reh'g*, 25 F.3d 81 (2d Cir. 1994); *Covington v. City of New York*, 916 F.Supp. 282, 286 (S.D.N.Y. 1996). *See, Houston v. Lack*, 487 U.S. 266, 270-76 (1988) (inmate's notice of appeal is deemed filed at the time of delivery to prison authorities).

reconsideration of the Report-Recommendation (Dkt. No. 106) is granted, and it is further

ORDERED, that the Order dated March 31, 2005 (Dkt. No. 103) and the Judgment entered thereon (Dkt. No. 104) are hereby vacated, and it is further

ORDERED, that plaintiff file her objections to the Report-Recommendation (Dkt. No. 102) **within twenty (20) days** of the filing date of this Order. Plaintiff is advised that the failure to object to the Report-Recommendation in accordance herewith will preclude appellate review. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (*citing Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1, and it is further

ORDERED, that upon the filing of plaintiff's objections and, in all events no later than July 31, 2005, the Clerk return the file to the Court for further consideration.

IT IS SO ORDERED.

Dated: June 30, 2005
      Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge